UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>OSCAR CRISOSTOMO-RIOS,<br><br>                    Defendant. | No. CR-10-2060-FVS<br><br>ORDER DISMISSING INDICTMENT |

**THIS MATTER** came before the Court on Defendant's Motion to Dismiss the Indictment. (Ct. Rec. 29). Assistant United States Attorney Alexander C. Ekstrom appeared on behalf of the United States. Defendant was represented by Alex B. Hernandez.

**BACKGROUND**

On June 15, 2010, Defendant was charged by indictment in this district with being an Alien in the United States After Deportation. (Ct. Rec. 13). Defendant was previously deported and/or removed from the United States on March 11, 2006, April 17, 2007, July 2, 2007, and March 7, 2009. (Ct. Rec. 38 at 1-3). Defendant argues that his due process rights were violated by defects in the underlying deportation proceeding on March 11, 2006, and that he suffered prejudice as a result of the defects. (Ct. Rec. 30).

**DISCUSSION**

**I.    COLLATERAL ATTACK**

An alien charged with a Section 1326 violation may collaterally attack a "deportation order that constituted an element of a criminal

ORDER DISMISSING INDICTMENT - 1

offense." *United States v. Herrera-Blanco*, 232 F.3d 715, 718 (9th Cir. 2000). To prevail on a collateral attack, an alien must show (1) that the underlying deportation proceeding violated his right to due process and (2) that he was prejudiced by the violation. *Id*.

The Court has determined that the validity of the underlying deportation proceeding may be collaterally attacked in this criminal proceeding.

**II. WAS THE MARCH 11, 2006 DEPORTATION PROCEEDING PROCEDURALLY DEFECTIVE?**

Defendant argues that his March 2006 removal proceeding was defective because the Immigration Judge ("IJ") failed to advise him of his eligibility for fast-track voluntary departure in lieu of removal. (Ct. Rec. 30 at 4).

Voluntary departure is a form of relief from deportation. In *United States v. Ortiz-Lopez*, 385 F.3d 1202, 1204 (9th Cir. 2004), the defendant successfully argued that his due process rights were violated in the underlying deportation proceeding because the IJ failed to inform him that he was eligible for a voluntary departure in lieu of removal. "The requirement that the IJ inform an alien of his or her ability to apply for relief from removal is mandatory, and failure to so inform the alien of his or her eligibility for relief from removal is a denial of due process that invalidates the underlying deportation proceeding." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1050 (9th Cir. 2004) (internal quotation marks omitted); *see also United States v. Arrieta,* 224 F.3d 1076, 1079 (9th Cir. 2000) (holding that a due process violation arose when the IJ

ORDER DISMISSING INDICTMENT - 2

failed to perform the mandatory obligation to inform defendant of his eligibility for relief from deportation); *Moran-Enriques v. INS*, 884 F.2d 420, 422-423 (9th Cir. 1989) (where the record contains an inference that the petitioner is eligible for relief from deportation, "the IJ must advise the alien of this possibility and give him the opportunity to develop the issue.")

Here, unlike the above cases, Defendant was deported without a hearing, based on his signature on a four-page document entitled "Respondent's Stipulated Request For Order; Waiver Of Hearing Pursuant to 8 CFR 3.25(b)" ("Waiver"). 8 C.F.R. § 3.25(b) (now 8 C.F.R. § 1003.25) provides that an IJ may enter an order of deportation without a hearing and in the absence of the parties following a review of the charging document, written stipulation and supporting documents, if any. 8 C.F.R. § 3.25(b). Therefore, a valid Section 3.25 waiver will nullify the requirement of an IJ to advise the alien, in person, of his eligibility for relief from removal. However, § 3.25(b) further provides that, "[i]f the alien is unrepresented, the Immigration Judge must determine that the alien's waiver is voluntary, knowing, and intelligent." *Id*.

Here, there is no evidence that the IJ engaged in any fact-finding efforts to determine the validity of Defendant's waiver. The Waiver in this case cannot be deemed valid because there was no determination made by the IJ that the Waiver by Defendant, an unrepresented alien, was "voluntary, knowing, and intelligent." 8 C.F.R. § 3.25 (now 8 C.F.R. § 1003.25). Because there is no indication regarding whether Defendant's waiver was considered and

ORDER DISMISSING INDICTMENT - 3

intelligent, the Waiver was invalid.  Consequently, Defendant's defective 2006 deportation proceeding violated Defendant's right to due process.

**III. DID THE DEFECT IN THE MARCH 2006 DEPORTATION PROCEEDING PREJUDICE DEFENDANT?**

Notwithstanding a procedural defect in Defendant's deportation hearing, Defendant must still show prejudice as a result of that defect in order to preclude the Government's use of the deportation order as the basis for this criminal proceeding.  Defendant can demonstrate prejudice in this case only by showing that he had plausible grounds for relief from deportation.  *Arrieta,* 224 F.3d at 1079.

Defendant indicates that he would have taken advantage of fast-track voluntary departure had he been advised by the IJ that this form of relief from removal was available.  An alien may be eligible for fast-track voluntary departure as long as he is not barred from relief due to terrorism-related activities or an aggravated felony.  8 U.S.C. § 1229c(a); 8 U.S.C. § 1227(a).

Here, Defendant alleges that he did not have a conviction which would have prevented him from being eligible for fast-track voluntary departure.  The government has not contested that Defendant was eligible for voluntary departure.  Accordingly, Defendant has satisfied his burden of showing a "plausible ground for relief."

**CONCLUSION**

Having established both a due process violation and resultant prejudice, the Court finds that the March 2006 deportation was

ORDER DISMISSING INDICTMENT - 4

unconstitutional.  Consequently, the subsequent orders reinstating the 2006 deportation order were likewise constitutionally invalid.  Based on the foregoing, the Court finds that Defendant's indictment must be dismissed.  *See Ubaldo-Figueroa*, 364 F.3d at 1050-1051.  The Court being fully advised, **IT IS HEREBY ORDERED**:

    1.   The Defendant's Motion to Dismiss the Indictment (**Ct. Rec. 29**) is **GRANTED.**

    2.   The charge set forth in the Indictment (Ct. Rec. 13) is **DISMISSED.**

    3.   All pending motions (**Ct. Rec. 22, 24 & 26**) are **DENIED AS MOOT**.

    **IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order, furnish copies to counsel, and **CLOSE THE FILE**.

    **DATED** this __31st__ day of August, 2010.

                             S/Fred Van Sickle
                              Fred Van Sickle
                 Senior United States District Judge